IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROMAN FOREMIN (M44987), | ) | |
| | ) | |
| Petitioner, | ) | Case No. 21 C 5895 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| DAVID GOMEZ, Warden, Stateville Correctional Center, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is pro se petitioner Roman Foremin's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court dismisses Foremin's petition as time-barred under 28 U.S.C. § 2244(d)(1) and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

**Background**

When considering habeas petitions, federal courts presume that the factual findings made by the last state court to decide the case on the merits are correct unless the habeas petitioner rebuts those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Karr v. Sevier*, 29 F.4th 873 (7th Cir. 2022). Where Foremin has not provided clear and convincing evidence to rebut this presumption, the following factual background is based on the Illinois Appellate Court's decision on post-conviction appeal.

On June 14, 2006, Foremin and his co-defendant approached two people sitting in a car and shot them. Foremin fled the scene and dropped the gun, but a police officer apprehended him. Foremin was arrested and then charged with multiple counts of attempted first degree murder, aggravated battery with a firearm, and aggravated discharge of a firearm. On May 9, 2014, Foremin pleaded guilty to one count of attempted murder and was sentenced to 31 years in prison. The

other charges were dismissed. At his plea hearing, the trial court admonished Foremin about the charges against him, his right to a jury trial, the potential immigration consequences, the minimum and maximum sentences he faced, and his mandatory supervised release term. Foremin stipulated to the factual basis for his plea and the trial court found he had entered his guilty plea freely and voluntarily. Foremin did not file a motion to withdraw his guilty plea nor did he file a direct appeal to the Illinois Appellate Court.

On September 1, 2016, Foremin filed a motion to correct his mittimus arguing that he should be required to serve only 50% of his sentence because the trial court did not inform him that Illinois law required him to serve 85% of his sentence. On October 3, 2016, the trial court corrected the mittimus to reflect a Class X felony sentence, but did not amend the mittimus allowing Foremin to serve only 50% of his sentence.

On March 2, 2017, Foremin filed a post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, arguing: (1) his guilty plea was involuntary and his right to due process was violated because the trial court did not disclose he had to serve 85% of his sentence; and (2) the trial court erred by not ordering a presentence investigation report. The trial court dismissed Foremin's post-conviction petition on February 1, 2019, and the Illinois Appellate Court affirmed the trial court on December 22, 2020. On March 24, 2021, the Illinois Supreme Court denied Foremin's petition for leave to appeal.

Foremin's petition for a writ of habeas corpus was postmarked October 28, 2021. Construing his pro se filings liberally, *Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), Foremin brings the following habeas claims: (1) ineffective assistance of trial counsel for failing to inform him of the consequences of his guilty plea; (2) ineffective assistance of post-conviction appellate counsel; and (3) trial court error based on the court's failure to inform him of the

consequences of his guilty plea. Respondent argues that Foremin's habeas petition is untimely under 28 U.S.C. § 2244(d)(1).

**Legal Standard**

"AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, 562 U.S. 545, 550, 131 S.Ct. 1278, 179 L.Ed. 252 (2011). The one-year period runs from the latest of four specified dates: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on habeas review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

**Discussion**

As a starting point in determining whether Foremin's habeas petition is timely, the Court turns to the date upon which Foremin's conviction became final under 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 564 U.S. 134, 149, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012). Because Foremin did not file a direct appeal, his conviction became final when the time for filing a motion to withdraw his guilty plea expired, which is 30 days after the entry of judgment under Illinois Supreme Court Rule 604(d). *See Page v. Anglin*, No. 13 C 4298, 2013 WL 6050621, at *2 (N.D. Ill. Nov. 15, 2013) (Feinerman, J.). Foremin's conviction thus became final on June 9, 2014, and thus had until June 10, 2015 to file a timely habeas petition.

Although Foremin filed a post-conviction petition, he did so on March 2, 2017, which was after the deadline to file his habeas petition. "[A] state proceeding that does not begin until the federal year has expired is irrelevant" for tolling purposes. *DeJesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir. 2009). In addition, the trial court's correction of the mittimus had no effect on the limitations period. *Harper v. Montgomery,* 690 F.Supp.2d 708, 710 n.3 (N.D. Ill. 2010) (Bucklo, J.); *see also People v. Street,* 787 N.E.2d 870, 873, 337 Ill.App.3d 759, 272 Ill. Dec. 684 (2d Dist. 2003) ("trial court's act of correcting a mittimus" is a "ministerial act and does not change the underlying sentence."). Accordingly, Foremin's habeas petition was over six years too late. Foremin's habeas petition is therefore untimely unless he can establish equitable or statutory tolling.

The one-year limitations period is subject to equitable tolling, which federal courts grant only if extraordinary circumstances beyond the petitioner's control prevented him from the timely filing of his habeas petition. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available if a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649; *Moreland v. Eplett*, 18 F.4th 261, 270 (7th Cir. 2021). Equitable tolling is an extraordinary remedy and is rarely granted. *Ademiju v. United States,* 999 F.3d 474, 477 (7th Cir. 2021).

In his reply brief, Foremin argues the one-year limitations period should be equitably tolled because in May 2014 he was incarcerated at Stateville's Northern Reception and Classification Center ("NRC") for approximately nineteen months and that during that time, his ability to exercise his legal rights was limited. He specifically highlights the conditions of his confinement at NRC, including that he had limited phone access, inadequate access to showers and laundry services, along with the infestation of roaches, ants, spiders, and mice, among other issues. Foremin also argues that the law library was inadequate for numerous reasons. Even if the Court concluded Foremin's

4

conditions of confinement and the insufficient law library impeded his ability to exercise his legal rights, the time period he was in NRC was nineteen months. Equitably tolling nineteen months does not make Foremin's habeas petition timely because he filed his petition over six years too late.

Moreover, Foremin's lack of familiarity with the law or lack of legal training does not trigger equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811-12 (7th Cir. 2013); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Similarly, a petitioner's pro se status does not entitle him to equitable tolling. *Socha v. Boughton,* 763 F.3d 674, 685 (7th Cir. 2014); *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). In general, attorney errors do not amount to an extraordinary circumstance beyond the party's control for equitable tolling purposes, *see Lombardo v. United States,* 860 F.3d 547, 552 (7th Cir. 2017), although complete abandonment by counsel may amount to an extraordinary circumstance. *See Schmid v. McCauley,* 825 F.3d 348, 350 (7th Cir. 2016). Foremin does not argue that his trial counsel abandoned him nor is there any such evidence in the record.

Next, Foremin attempts to establish statutory tolling under the state-created impediment clause of 28 U.S.C. § 2244(d)(1)(B). In particular, he argues he did not have any writing tools or paper when he arrived at the NRC, therefore, he could not file a motion to withdraw his guilty plea within the 30 days required by Illinois law. Under the plain language of the statute, the time for filing a habeas petition is tolled until the state-created impediment is removed, whereas the statute does not provide tolling provisions for state court motions, such as Foremin's motion to withdraw his guilty plea. In addition, § 2244(d)(1)(B) provides that the time to file a habeas petition is no longer tolled once the impediment is removed. Foremin admits that he received writing tools and paper several months after his initial incarceration at the NRC, yet does not explain why he could not file his habeas petition at that time. His state-created impediment argument is without merit.

Last, Foremin asserts that the time to file his habeas petition is statutorily tolled because he

was not aware of the "full consequences" of his guilty plea until he was transferred to Stateville Correctional Center on November 6, 2015. Specifically, Foremin states that up until that time, he believed his release date would be sooner. Under § 2244(d)(1)(D), the one-year limitations period is tolled until the date when the "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Again, Foremin did not file his habeas petition until October 2021, and thus his awareness of the full consequences of his guilty plea in November 2015 does not change the Court's timeliness analysis. Equally important, not once in his filings does Foremin assert that he exercise due diligence in pursuing his rights. Foremin's habeas petition is untimely.

**Certificate of Appealability**

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). Instead, a petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336. Under this standard, Foremin must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation and quotation marks omitted).

As the Seventh Circuit has held "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000)

(collecting cases); *see also Young v. United States,* 523 F.3d 717, 718 (7th Cir. 2008) (per curiam). The Court therefore declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court denies Foremin's petition for a writ of habeas corpus as untimely [1] and declines to certify any issues for appeal under 28 U.S.C. §§ 2253(c)(2). Civil case terminated.

**IT IS SO ORDERED.**

**DATE: 7/1/2022**

Entered
**SHARON JOHNSON COLEMAN**
**United States District Court Judge**